UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-60316-CR-SINGHAL

UNITED STATES OF AMERICA

vs.

GUILLERMO GERMAN COQUELET,

Defendant.
_____/

## FACTUAL PROFFER

The United States and the defendant, Guillermo German Coquelet ("COQUELET"), stipulate that if this case were to proceed to trial, the United States would prove the following facts, among others, beyond a reasonable doubt:

Motor Yacht ISABELLA is a vessel owned by COQUELET and federally documented in his name. On July 6, 2019, during a vessel boarding in the vicinity of Key Largo, Florida, United States Coast Guard law enforcement boarding team members discovered the ISABELLA operating unlawfully as a vessel with passengers for hire.

On July 17, 2019, Coast Guard officials met in person with COQUELET to present District Commander Order 19-001, signed by E.C.J., Commander, Seventh Coast Guard District, to COQUELET. The Order required COQUELET to immediately cease operating the ISABELLA as an Inspected and/or Un-inspected Passenger Vessel until such time as it could be shown, to the satisfaction of the Coast Guard, that the ISABELLA was being operated in compliance with all applicable federal laws and regulations. COQUELET was provided with instruction by Coast Guard personnel on proper commercial vessel operations and signed Order 19-001 to acknowledge

his receipt and understanding of the Order. The Order included directions for appeal, of which COQUELET did not avail himself.

On or about July 24, 2019, a Coast Guard law enforcement boarding team conducted a boarding of the ISABELLA while it was underway near Fort Lauderdale, Florida. During the boarding of the ISABELLA, on that date, Coast Guard law enforcement personnel determined that the ISABELLA was again operating unlawfully as a vessel with passengers for hire, contrary to District Commander Order 19-001.

Because COQUELET, as the managing owner, operated ISABELLA as a passenger vessel on July 24, 2019, while subject to a Captain of the Port order requiring him to cease such operations, he violated Title 46, United States Code, Section 70036(b)(1). The United States and COQUELET agree that these facts, which do not include all of the facts known to the United States and COQUELET, are sufficient to prove the guilt of COQUELET as to the crime of Violating a Captain of the Port Order, in violation of Title 46, United States Code, Section 70036(b)(1).

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 2/9/2022    By: _____
DANIEL CAHILL
SPECIAL ASSISTANT UNITED STATES ATTORNEY

Date: 2/9/22    By: _____
MONIQUE A. BROCHU
ATTORNEY FOR DEFENDANT

Date: 2-9-22    By: _____
GUILLERMO GERMAN COQUELET
DEFENDANT

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60316-CR-SINGHAL

UNITED STATES OF AMERICA,

    Plaintiff,

VS.

GUILLERMO GERMAN COQUELET,

    Defendant.

_____/

## ORDER SETTING DATE, TIME, AND PROCEDURES FOR SENTENCING HEARING

**THIS CAUSE** came before the Court on the Defendant's Change of Plea hearing held Wednesday, February 16, 2022. Having heard from the parties, it is hereby

**ORDERED AND ADJUDGED** that a sentencing hearing is set in this matter for **Tuesday, April 26, 2022 at 3:00 PM,** in the Fort Lauderdale Division, Courtroom 110, before Judge Raag Singhal.

## SENTENCING PROCEDURES

1. The Probation Office shall disclose the Draft Presentence Investigation Report ("PSR") no later than **35 days** prior to the sentencing hearing.

2. Each party shall file its objections, if any, to the Draft PSR and any motions for sentencing departures or variances no later than **14 days** after the disclosure of the Draft PSR. The non-moving party will then have **7 days** to respond. The non-moving party must respond to each objection to the PSR, as well as to any motion

1

for a variance or departure, even if the non-moving party plans to concede the objection, variance, or departure.

3. The Probation Office shall disclose the Final PSR and Addendum no later than **7 days** before the sentencing hearing. Any party that has previously filed an objection to the PSR shall, no later than **3 days** before the sentencing hearing, file a notice setting forth those previously filed objections, if any, that have been resolved and those that remain outstanding.

4. The Court has set aside **30 minutes** for this hearing. If any party requires more than 30 minutes, counsel for that party shall file, no later than **14 days** prior to the hearing, a motion for more time in which the moving party shall lay out exactly how much time will be needed and why.

5. If on Bond, the Defendant should be prepared to self-surrender at the conclusion of the sentencing hearing.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 16th day of February 2022.

*[signature]*

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel via CM/ECF